UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRIS JOSEPH BOURGEOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-160-BAJ-SCR** |
| **LBC BATON ROUGE, LLC** | |

## AGREED PROTECTIVE ORDER

Defendant's Unopposed Motion for Entry of Agreed Protective Order Regarding Confidential Information, record document number 13, is GRANTED.

This Agreed Protective Order shall remain in effect for the duration of the above-captioned litigation unless otherwise ordered by the Court or agreed by the Parties.

The purpose of this Agreed Protective Order is to protect against the unnecessary disclosure of confidential and/or proprietary information, such as, but not limited to, all employment applications, employee manuals, company forms, company manuals and guides, client information, and personnel documents regarding Plaintiff Chris Joseph Bourgeios (hereinafter referred to as "Plaintiff"), and Defendant LBC Baton Rouge, LLC (hereinafter referred to as "Defendant" or "LBC"), or Defendant's present and former employees. All documents produced by any of the Parties in this action and designated as Confidential Material shall be subject to this Agreed Protective Order ("Order").

IT IS HEREBY ORDERED that:

1. **Definitions:** For the purpose of this Order, the following definitions shall apply:

    A. "Action" shall mean the above-captioned action, *Chris Joseph Bourgeois v. LBC Baton Rouge, LLC*, Civil Action No. 13-160-BAJ-SCR, pending in the United States District

Court for the Middle District of Louisiana, and, if applicable, all subsequent appellate, review, remand, and any severed proceedings related thereto.

B. "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the protected materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

C. "Parties" shall mean the named parties to this Action. A "Party" shall mean any of the Parties.

D. "Third Party" shall mean any natural person, partnership, corporation, association or other legal entity that is not a named Party, as defined above.

E. "Producing Party" shall mean any Party or Third Party that produces, intends to produce or has been requested, subpoenaed or otherwise required to produce any Confidential Material, as hereinafter defined, in this Action.

F. "Receiving Party" shall mean any Party that receives any Confidential Material, as hereinafter defined, in this Action.

G. Confidential Material" shall mean all material that a Party asserts in good faith to be of a proprietary business or confidential nature and which the Party would not normally reveal to competitors, potential competitors, and/or other Third Parties, or which the Party would cause Third Parties to maintain in confidence, including but not limited to the following examples:

   i. employment applications;
   ii. employee manuals;
   iii. personnel files and evaluations;
   iv. company forms, manuals and guides;

      v.      marketing and sales information;

      vi.      client information;

      vii.      information subject to confidentiality or non-disclosure agreements;

      viii.      information that is protected by rights of privacy under state and federal constitutions;

      ix.      any other information that would qualify as confidential pursuant to the Federal Rules of Civil Procedure or any other applicable legal standard.

**2.** **Use of Confidential Material:**

A. Confidential Material received by a Party shall be used by that Party and its counsel solely for purposes of this Action and shall not be used for any other purpose, including without limitation any business, commercial or personal purpose.

B. This Order shall not be deemed to preclude or affect a Producing Party's use of its own Confidential Material, for any purpose, or a Party's use of any documents, materials or information obtained independently of discovery in this Action.

C. The Parties, in conducting discovery from Third Parties after the date of this Order, shall attach to such discovery requests a copy of this Order and a cover letter that will apprise such Third Parties of their rights hereunder.

**3.** **Designation of Confidential Material:**

A. A Producing Party may designate material as Confidential Material by placing on or affixing to it (or otherwise declaring, if affixation is not practical), in a manner that shall not interfere with its legibility, the notation "CONFIDENTIAL" on each page or part of the document or thing containing Confidential Material. Such a designation shall constitute a good-faith representation by counsel for the Producing Party that the document or thing constitutes or

3

Case 3:13-cv-00160-BAJ-SCR   Document 14   10/04/13   Page 3 of 12

contains Confidential Material. Such a designation shall, where practicable, be made prior to or contemporaneously with production or disclosure except in the case of depositions and except in other circumstances where such contemporaneous designation by affixation is not practicable, in which case the Producing Party shall make the designation as soon as practicable after production. Depositions shall be designated as Confidential Material as set forth in paragraph 6 herein. To the extent the Parties have produced material before the entry of this Order, all such material shall be deemed "Confidential Material" regardless of whether it is so marked.

**4.      Disclosure of Confidential Material:**

    A.      Confidential Material shall not, directly or indirectly, be disclosed or otherwise provided to anyone except:

        i.

        ii.      The Court and its personnel;

        iii.     The Parties;

        iv.     Counsel to the Parties;

        v.      Clerks, paralegals, secretaries and other persons employed by such Counsel to provide litigation support regarding this Action;

        vi.     Experts and professional consultants who have been retained by the Parties' counsel and who have a need to know said Confidential Material in order to assist Counsel in this litigation, including preparation for the trial;

        vii.    The jury, subject to paragraph 8 below;

        viii.   Court reporters and deposition transcript reporters;

        ix.     Any of the author(s) and recipient(s) of such Confidential Material, as indicated on the face of the document, record or thing or as otherwise established; and

    x. A potential witness whose deposition is being taken, provided that witness:

      a. has personal knowledge as to the substance of the Confidential Material, provided that non-parties do not receive copies of the documents or otherwise record for their use any information contained in the documents;

      b. is an Expert who is designated by a Producing Party or who is entitled to access to such Confidential Material under the terms of this Order; or

      c. is a designated corporate representative witness.

  B. Counsel for the Parties and/or their staff shall at all times have and maintain physical custody and control over all Confidential Material and also be responsible for ensuring that such Confidential Material does not leave their custody and/or is not disclosed orally. Failure to make diligent efforts to do so shall be grounds for imposition of sanctions at the discretion of the Court.

**5.** **<u>Disclosure to Experts:</u>**

  A. Prior to disclosing or seeking to disclose any Confidential Material to any Expert, counsel for the Party in question shall determine that disclosure to such Expert of such Confidential Material is, in that counsel's good-faith judgment, reasonably necessary to that counsel's representation of a Party in this Action.

  B. Confidential Material shall not, directly or indirectly, be disclosed or otherwise provided to an Expert unless such Expert executes an Agreement Concerning Material Covered By Agreed Protective Order and agrees in writing:

    i. to maintain the security of such Confidential Material when such Confidential Material is not being reviewed;

    ii.  to return such Confidential Material and all copies thereof to counsel for Plaintiff or Defendant, as appropriate, upon the conclusion of the Expert's assignment or retention; and

    iii.  not to disclose such Confidential Material to anyone, except as permitted by this Order; and to use such Confidential Material and the information contained therein solely for the purpose of rendering expert witness services to a Party to this Action, including providing testimony in this Action.

  C.  A Party that discloses any Confidential Material to an Expert shall maintain a file of all executed Agreements Concerning Material Covered By Agreed Protective Order in the form attached hereto. Unless good cause is shown, the Party shall not be required to disclose to the other Party the identity of Experts with whom it has shared Confidential Material.

**6.**  <u>**Use of Confidential Material at Depositions:**</u>

  The portions of any deposition transcript that Counsel for any Party has designated on the record at the deposition as confidential and any Confidential Material that is marked as a deposition exhibit shall be treated as Confidential Material. Notwithstanding the foregoing, the entirety of all deposition transcripts shall be deemed Confidential Material for twenty (20) days after the transcript is delivered to all Parties' Counsel. During that 20-day period, any Party's Counsel may designate via letter to all counsel, by page and line number (insofar as practicable), any portion of a deposition transcript, to the extent not previously designated, as Confidential Material.

**7.**  <u>**Presentation of Confidential Material to the Court:**</u>

  A.  Stamped Confidential Material shall not be filed with the clerk of court except when required in connection with dispositive motions or motions to dismiss, motions to

determine confidentiality, motions related to discovery disputes if the Confidential Material is relevant to the motion, and in appendices, briefs, or pleadings relating to an appeal. Confidential Material shall not lose its confidential status as between the Parties through such use. Before Plaintiff files with the clerk of Court Confidential Material or any pleadings or briefs quoting or discussing Confidential Material produced by Defendant, Plaintiff must first notify Defendant of Plaintiff's intent to file such Confidential Material at least ten (10) days prior to filing the Confidential Material. Once so notified by Plaintiff, Defendant may require Plaintiff to file such Confidential Material "under seal" or otherwise kept out of the public record in this action, in accordance with the requirements of the Court in which this Action is pending.

      B.     As to testimony elicited or exhibits offered or used during the hearings and other proceedings or at the trial of this Action, the courtroom and proceedings shall remain open unless otherwise ordered by the Court.

**8.    <u>Confidential Material at Trial:</u>**

Subject to the Federal Rules of Evidence, Confidential Material may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence has indicated on any Exhibit List any proposed exhibits that are designated as Confidential Material. Any Party may move the Court for an Order that the Confidential Material be received in camera or under such other conditions as are necessary to prevent disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Material and, if so, what protection may be afforded such information at the trial or hearing. Under no circumstances shall a jury be advised that information has been designated Confidential Material.

**9.     Inadvertent Disclosure of Confidential Material:**

Inadvertent failure to designate any material as Confidential Material pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection thereof, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the Producing Party appropriately to mark such material in accordance with this Order.

**10.    Inadvertent Disclosure of Work Product or Privileged Information:**

The inadvertent or mistaken production of material subject to a claim of attorney-client, work product or other privilege or protection shall not be deemed a waiver of a claim of privilege. A Producing Party that mistakenly or inadvertently produces material subject to any claim of privilege or protection from discovery may, promptly upon discovery of such disclosure, request that the Parties receiving such material return it. A Party receiving such material shall use its best efforts to return all copies thereof within three (3) business days after the request is received and the Producing Party serves on the receiving Party a privilege log that lists the items to be returned in a manner and with sufficient detail to comply with applicable law. The Party receiving such material shall use its best efforts to destroy or redact any notes or summaries referring or relating to the privileged information in any such material.

**11.    Duty to Report:**

When any counsel of record in this Action or any counsel who has executed or filed a confidentiality agreement or confidentiality undertaking becomes aware of any violation of this Order or of a confidentiality agreement or undertaking related to this Action, or of facts constituting good cause to believe that such a violation may have occurred, such counsel shall

8

Case 3:13-cv-00160-BAJ-SCR    Document 14    10/04/13    Page 8 of 12

promptly report, with all relevant particulars to assist in aiding any investigation, to this Court and to counsel for the Producing Party that there may have been such a violation.

**12.     Continuing Jurisdiction:**

After the conclusion of this Action, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the Parties and any other person who has had access to Confidential Material pursuant to this Order, in order to enforce the provisions of the Order.

**13.     Conclusion of Litigation:**

Upon conclusion of this litigation, whether by judgment, settlement, or otherwise, counsel of record and each Party, person, and entity who obtained Confidential Materials subject to this Order shall assemble and return all Confidential Materials to the Producing Party. No originals, copies, summaries, or other embodiment of any such Confidential Materials will be retained by any person or entity to whom disclosure was made.

**14.     Privilege:**

Nothing in this Order shall constitute a waiver of the attorney-client, attorney work product, or trial preparation privileges or limit any Party to object to the scope of discovery or to any particular discovery request in this litigation. Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to his or her client and, in the course thereof, relying generally on his or her examination of confidential items.

**15. <u>Violations:</u>**

Any violation of the terms of this Order may result in sanctions to be affixed by the Court in its discretion.

Baton Rouge, Louisiana, October 4, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE


**APPROVED AND ENTRY REQUESTED:**

Respectfully submitted,

Respectfully submitted,

**SEYFARTH SHAW LLP**

By: /s/ Jean-Paul Robert (with permission)
    Jean-Paul Robert, Bar #27628
    Attorney at Law, L.L.C.
    2315 S. Burnside Ave.
    Gonzales, Louisiana 70737
    Telephone: (225) 647-9200
    Telecopier: (225) 647-9300

ATTORNEYS FOR PLAINTIFF
CHRIS JOSEPH BOURGEOIS

By:/s/ Timothy M. Watson
    Timothy M. Watson, *pro hac vice*
    Texas Bar No. 20963575
    Rachel M. Hoffer, *pro hac vice*
    Texas Bar No. 24065432
    700 Louisiana Street, Suite 3700
    Houston, Texas 77002-2797
    Telephone: (713) 225-2300
    Telecopier: (713) 225-2340
    twatson@seyfarth.com
    rhoffer@seyfarth.com

    Melissa M. Shirley
    Louisiana Bar Roll No. 25248
    **BREAZEALE, SACHSE & WILSON, L.L.P.**
    One American Place, 23rd Floor
    Post Office Box 3197
    Baton Rouge, Louisiana 70821-3197

ATTORNEYS FOR DEFENDANT
LBC BATON ROUGE, LLC

# AGREEMENT CONCERNING MATERIAL COVERED BY AGREED PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRIS JOSEPH BOURGEOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-160-BAJ-SCR** |
| **LBC BATON ROUGE, LLC** | |

**AGREEMENT CONCERNING MATERIAL**
**COVERED BY AGREED PROTECTIVE ORDER**

The undersigned hereby acknowledges that s/he has read the Agreed Protective Order entered in this action on _____ day of _____ 2013, that s/he understands the terms thereof, and that he/she agrees to be bound by such terms.

Date:_____

_____

_____
(Please Print)